UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOBILOC, LLC,<br><br>  Plaintiff,<br>v.<br><br>NEUTRON HOLDINGS, INC. DBA LIME,<br><br>  Defendants. | No. 3:20-CV-1570-BJR<br><br>ORDER ON PENDING MOTIONS |

Two motions are currently pending before the Court in this matter: (1) Defendant's Motion to Dismiss Counterclaim Without Prejudice (Dkt. No. 53); and (2) Plaintiff's counsel's Motion to Withdraw as Attorneys (Dkt. No. 57).

Having reviewed the materials submitted in support of and in opposition to the pending motions, the Court: (1) GRANTS Defendant's Motion to Dismiss Counterclaim Without Prejudice; and (2) GRANTS Plaintiff's counsel's Motion to Withdraw as Attorneys. Because the dismissal of Defendant's counterclaim leaves no further claims or counterclaims to resolve in this matter, the Court will enter a final judgment concurrently with this Order pursuant to Federal Rule of Civil Procedure 58. The reasons for the Court's decision are set forth below.

ORDER - 1

## I. Background

Plaintiff Mobiloc, LLC filed this patent infringement lawsuit on October 23, 2020, against Defendant Neutron Holdings Inc., which is doing business as "Lime." Plaintiff's complaint alleges infringement of U.S. Patent No. 8,854,207 ("the '207 patent") by Defendant.

On February 5, 2021, Defendant filed an amended answer and counterclaims. Defendant's counterclaims seek: (1) a declaration of non-infringement of the '207 patent (hereinafter, the "Non-Infringement Counterclaim"); and (2) a declaration that the claims of the '207 patent are invalid and unenforceable (hereinafter, the "Invalidity Counterclaim"). Dkt. No. 34 at 12-16.

On August 19, 2021, the Court issued an order granting Defendant's motion for summary judgment of non-infringement. Dkt. No. 52. The Court's order resolved Plaintiff's claims against Defendant for patent infringement and mooted Defendant's Non-Infringement Counterclaim. However, the Court's order noted that Defendant's Invalidity Counterclaim still remained before the Court. *Id.* at 10. The Court directed Defendant to inform the Court by August 30, 2021, whether it intended to pursue this counterclaim. On August 27, 2021, Defendant's counsel notified Court staff by email that it planned to dismiss this counterclaim without prejudice and indicated that the parties were negotiating a stipulation of dismissal of the counterclaim. Dkt. No. 54-1.

However, the parties were unable to agree on a stipulated dismissal. As a result, on August 31, 2021, Defendant filed a motion to dismiss its counterclaim without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiff's response to Defendant's motion to dismiss was due by September 21, 2021; however, the Court entered a stipulation by the parties to extend the time for Plaintiff's response to September 28, 2021.

ORDER - 2

On September 27, 2021, the day before Plaintiff's response to Defendant's motion to dismiss was due, Plaintiff's counsel filed a motion to withdraw as attorneys in this matter. Dkt. No. 57. Plaintiff's counsel stated that "[p]rofessional considerations require" them to make this request and indicated that they "first advised Plaintiff of its need to obtain replacement counsel on September 1, 2021, and multiple times thereafter, but has not been advised by Plaintiff whether it has obtained replacement counsel." *Id.* at 1. In the motion to withdraw, Plaintiff's counsel requested that Plaintiff's response to Defendant's motion to dismiss be stayed until Plaintiff obtains new counsel. To date, no response to Defendant's motion to dismiss has been filed, nor has Plaintiff indicated to the Court that it has obtained new counsel.

Defendant opposes the motion to withdraw filed by Plaintiff's counsel and opposes the request to stay consideration of the motion to dismiss.

## II.   Discussion

**A.   Defendant's Motion to Dismiss Its Counterclaims**

As a preliminary matter, the Court denies the request of Plaintiff's counsel to stay consideration of Defendant's motion to dismiss its Invalidity Counterclaim until Plaintiff has obtained new counsel. The Court has already granted one stipulated extension of time for Plaintiff to respond to this motion, and Plaintiff has had ample time to respond. Although the Court recognizes that Plaintiff's counsel filed a motion to withdraw the day before the extended deadline for a response to the motion to dismiss was due, Plaintiff could have obtained new counsel to respond to the motion if their counsel of record was unable or unwilling to do so,

ORDER - 3

particularly in light of the representation by Plaintiff's counsel that they informed Plaintiff on September 1, 2021, of the need to obtain replacement counsel.[1]

Turning to the merits of Defendant's motion, the Ninth Circuit has held that a district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless the opposing party "can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" means "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96 (9th Cir. 1996). Legal prejudice does not include the expense incurred in defending against a lawsuit, nor does it include uncertainty from the threat of future litigation. *Id.* at 96-97. Here, Court cannot discern any potential legal prejudice to Plaintiff that could result from granting Defendant's motion to dismiss its Invalidity Counterclaim.

Defendant has moved for dismissal of its Invalidity Counterclaim without prejudice. The Court finds that dismissal without prejudice and without costs is appropriate here, particularly in light of the fact that the parties stipulated early in this litigation to stay claim construction briefing and discovery until the Court ruled on Defendant's motion for summary judgment of non-infringement. Dkt. No. 42. This stay minimized any effort and expense needed by Plaintiff to litigate Defendant's Invalidity Counterclaim in this matter. Therefore, the Court will grant Defendant's motion to dismiss its Invalidity Counterclaim without prejudice and without costs.

---

[1] It should also be noted that the Court has discretion to dismiss the Invalidity Counterclaim without prejudice, even absent a motion by Defendant to dismiss the counterclaim. *See, e.g.*, *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004) ("A district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice, subject to review only for abuse of discretion."). In light of Defendant's indication that it does not wish to pursue its Invalidity Counterclaim following the Court's summary judgment ruling in its favor on non-infringement, the Court would have exercised its discretion to dismiss Defendant's Invalidity Counterclaim without prejudice even if Defendant had not filed the pending motion to voluntarily dismiss this counterclaim.

ORDER - 4

B.  **Plaintiff's Counsel's Motion to Withdraw**

As noted above, Plaintiff's counsel filed a motion to withdraw on September 27, 2021, citing "[p]rofessional considerations" and indicating that they had informed Plaintiff of the need to obtain replacement counsel on September 1, 2021.  Dkt. No. 57 at 1.  Defendant opposes the motion to withdraw based on concerns that permitting Plaintiff's counsel to withdraw could needlessly delay a final resolution of this case in this Court.  However, this concern is moot in light of the Court's denial of the request by Plaintiff's counsel to stay consideration of Defendant's motion to dismiss its Invalidity Counterclaim.

The dismissal of Defendant's Invalidity Counterclaim disposes of the last remaining issue in this case.  Nonetheless, the Court must still rule upon Plaintiff's counsel's motion to withdraw because Local Civil Rule 83.2(b)(7) provides that "[u]nless the attorney withdraws in accordance with these rules, the authority and duty of an attorney of record shall continue after final judgment."

Because Plaintiff is a business entity and is not a sole proprietorship, the requirements of Local Civil Rule 83.2(b)(4) apply to the motion to withdraw.  This rule provides:

> A business entity, except a sole proprietorship, must be represented by counsel.  If the attorney for a business entity, except a sole proprietorship, is seeking to withdraw, the attorney shall certify to the court that he or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

Local Civil Rule 83.2(b)(4).

Plaintiff's counsel has offered a declaration indicating that they "advised Plaintiff that, because it is a business entity, it is required by law to be represented by an attorney admitted to practice before this Court."  Dkt. No. 58.  The Court notes that the declaration of Plaintiff's

ORDER - 5

counsel does not indicate that counsel also advised Plaintiff that "failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties," as provided by Local Civil Rule 83.2(b)(4).  However, this requirement is not applicable under the circumstances presented here, given that the Court previously granted summary judgment in favor of Defendant on Plaintiff's claims for patent infringement and today's Order dismisses Defendant's remaining counterclaim.

Because Plaintiff's counsel has indicated that professional considerations require them to withdraw and because there are no remaining claims or counterclaims to resolve in this matter, the Court will permit Plaintiff's counsel to withdraw as counsel of record in this case, effective as of the date of this Order.  The Court directs Plaintiff's counsel to promptly send a copy of this Order to Plaintiff, as well as a copy of the final judgment entered concurrently with this Order.

### III.    Conclusion

For the foregoing reasons, the Court: (1) GRANTS Defendant's Motion to Dismiss Counterclaim Without Prejudice (Dkt. No. 53); and (2) GRANTS Plaintiff's counsel's Motion to Withdraw as Attorneys (Dkt. No. 57).

Because this Order leaves no claims or counterclaims to be resolved in this matter, the Court will enter a final judgment concurrently with this Order pursuant to Federal Rule of Civil Procedure 58.

Dated:  October 26, 2021

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 6