UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOBILOC, LLC,<br><br>                     Plaintiff,<br>    v.<br><br>NEUTRON HOLDINGS, INC. DBA LIME,<br><br>                     Defendant. | No.  2:20-CV-1570-BJR<br><br>ORDER ON DEFENDANT'S MOTION FOR ATTORNEY FEES |

This matter is before the Court on Defendant's Motion for Attorney Fees. Dkt. No. 63. Having reviewed the materials submitted by the parties and the balance of the record in this case, the Court DENIES Defendant's motion. The reasons for the Court's decision are set forth below.

**I.  BACKGROUND**

Plaintiff Mobiloc, LLC filed this case on October 23, 2020, against Defendant Neutron Holdings Inc., which is doing business as "Lime." Plaintiff owns U.S. Patent No. 8,854,207 ("the '207 patent"), which is entitled "Mobile Lock with Retractable Cable." Dkt. No. 9. The '207 patent discloses a mobile lock that includes "a location component inside the body component" of the lock. *Id.*, Claim 1. The "location component" includes a Global Positioning System (GPS) location chip set. *Id.*

ORDER - 1

1  Defendant operates fleets of electric bicycles ("e-bikes") that are available for rent to
2  customers through a mobile phone application.  Plaintiff's complaint alleged that Defendant's
3  "Model 5.5 JUMP e-bike" directly infringed the '207 patent.
4  In response to Plaintiff's complaint, Defendant denied infringement and asserted that its
5  e-bikes "do not include the claimed 'mobile lock' with 'a location component inside the body
6  component' as required by every claim of the '207 patent." Dkt. No. 34 at 5.  Although
7  Defendant's e-bike has a lock with a retractable cable, the lock does not have a "location
8  component" (*e.g,* a GPS chip) inside of it.  Instead, the accused e-bike has a GPS chip in an
9  electronics module on the handlebars of the bike, which is connected by a wire to the inside of
10 the bike's lock.
11 On March 2, 2021, the parties filed a stipulation indicating that they had "identified an
12 issue that may be case dispositive, and agree[d] that it would streamline matters in this case to
13 have the Court's determination of this issue before time consuming and expensive claim
14 construction proceedings and further exchange of discovery." Dkt. No. 37 at 1-2.  The parties
15 indicated that Defendant planned to file a motion for summary judgment asserting that its
16 accused e-bikes do not infringe any claim of the '207 patent because all claims require "a
17 location component inside [a] body component" of a lock, and the accused e-bikes do not have a
18 location component "inside" the body component of their locks. *Id.* at 2.  In this stipulation,
19 Plaintiff acknowledged that the "location component" of the accused e-bike is not located inside
20 the "body component" of a lock; however, Plaintiff asserted that Defendant's e-bike nonetheless
21 infringed the '207 patent under the doctrine of equivalents. *Id.*  Based on this stipulation, the
22 Court granted the parties' request to stay discovery and claim construction briefing pending a
23 ruling on Defendant's motion for summary judgment.

ORDER - 2

On August 19, 2021, the Court issued an order granting Defendant's motion for summary judgment of non-infringement. The Court concluded that no reasonable jury could find infringement under the doctrine of equivalents.[1] Dkt. No. 52.

The Court's order resolved Plaintiff's claims against Defendant for patent infringement, but did not resolve Defendant's counterclaim which alleged that the '207 patent was invalid (the "Invalidity Counterclaim"). The Court directed Defendant to inform the Court by August 30, 2021, whether it intended to pursue this counterclaim. On August 27, 2021, Defendant's counsel notified Court staff by email that it planned to dismiss this counterclaim without prejudice and indicated that the parties were negotiating a stipulation of dismissal. Dkt. No. 54-1. However, the parties were unable to agree on a stipulated dismissal. As a result, Defendant filed a motion to dismiss its Invalidity Counterclaim without prejudice. On September 27, 2021, the day before Plaintiff's response to Defendant's motion was due, Plaintiff's counsel filed a motion to withdraw as attorneys in this matter. Plaintiff filed no response to Defendant's motion to dismiss the Invalidity Counterclaim.

On October 26, 2021, the Court entered an order: (1) granting Defendant's motion to dismiss its Invalidity Counterclaim without prejudice; and (2) granting Plaintiff's counsel's motion to withdraw. The Court entered judgment in this matter on the same day.

On November 9, 2021, Defendant filed the pending motion for attorney fees. Plaintiff, appearing through new counsel, opposes the motion.

---

[1] The Court did not reach additional arguments offered by Defendant for summary judgment based on the disclosure-dedication doctrine and ensnarement. Dkt. No. 9 n.5.

ORDER - 3

## II.     DISCUSSION

Defendant seeks an award of attorney's fees pursuant to 35 U.S.C. § 285.  This provision of the Patent Act provides that "[t]he court in *exceptional cases* may award reasonable attorney fees to the prevailing party." (emphasis added).  The United States Supreme Court has held that an "exceptional case" is "simply one that that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*  Factors that district courts may consider include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

Defendants argue that this case should be deemed "exceptional" under 35 U.S.C. § 285 for several reasons, including: (1) Plaintiff's failure to conduct a reasonable pre-suit investigation; (2) Plaintiff's decision to continue litigating after Defendant demonstrated that the accused e-bike lacked a location component inside the lock; (3) Plaintiff's speculative assertion that a former Jump employee stole the invention and gave it to his former employer; (4) the substantial difference between the accused e-bike and the patented bike lock; (5) Plaintiff's refusal to stipulate to Defendant's dismissal of its Invalidity Counterclaim after summary judgment was granted in Defendant's favor on noninfringement; and (6) similarities between this

ORDER - 4

case and other cases that courts have found to be "exceptional" for purposes of an award of attorney's fees under 35 U.S.C. § 285.

In response, Plaintiff maintains that its infringement position, though unsuccessful, was not frivolous and was "well within the normal range for patent cases." Dkt. No. 74 at 5. Plaintiff argues that it litigated this case reasonably, noting that it agreed early in the case to stay further discovery and claim construction proceedings until the Court ruled on Defendant's motion for summary judgment of noninfringement. Plaintiff also contends that there is no evidence that its pre-filing investigation was inadequate and asserts that its pre-filing investigation is protected attorney work product. Plaintiff notes that it revealed its infringement position early in the litigation, and points out that neither Defendant nor Defendant's predecessor-in-interest responded to pre-suit correspondence from Plaintiff offering to license the '207 patent.

Defendant's motion presents a relatively close question for the Court. Pointing to the attorney work product doctrine, Plaintiff has not provided the Court with any basis to evaluate the adequacy of Plaintiff's pre-suit investigation. It appears clear that Plaintiff filed this lawsuit without knowing the actual location of the GPS chip in the accused e-bike, and Plaintiff does not respond to Defendant's contention that Plaintiff could have determined the location of the GPS chip in the bike before filing this lawsuit by accessing public records from the Federal Communications Commission. Plaintiff plainly erred in its complaint when it alleged direct infringement of the '207 patent by Defendant, and Plaintiff's fallback position that the accused e-bike infringed the '207 patent under the doctrine of equivalents was not strong. In addition, Plaintiff's allegations of copying by a former Jump employee were speculative and not well-supported.

ORDER - 5

Nonetheless, the Court does not find that this case stands out as exceptionally weak. Although the Court ruled against Plaintiff on summary judgment, the Court did not find Plaintiff's infringement position under the doctrine of equivalents to be frivolous or raised in bad faith. Plaintiff also acted reasonably by stipulating early in the litigation to stay further discovery and claim construction proceedings until the Court ruled on Defendant's motion for summary judgment of non-infringement. Although Plaintiff acted less reasonably by refusing to stipulate to dismissal of Defendant's Invalidity Counterclaim, this refusal did not substantially impact the difficulty or expense of resolving this case. Under the totality of the circumstances, the Court does not find this case to be exceptional for the purpose of awarding attorney's fees to Defendant under 35 U.S.C. § 285.

### III.    Conclusion

For the foregoing reasons, the Court DENIES Defendant's motion for attorney fees (Dkt. No. 63).

Dated:  March 24, 2022

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 6